IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                          No. CR 07-2240 JB

CARL DEAN BALDWIN,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Motion to Dismiss Count 7,

filed January 30, 2008 (Doc. 16)("Motion").  The Court held a hearing on February 19, 2008.  The

primary issue is whether the Court should dismiss Count VII of the Indictment as defective and as

barred by the statute of limitations in 18 U.S.C. § 3282.  The Court will decide Baldwin's challenge

at this stage of the proceedings, because, under rule 12 of the Federal Rules of Criminal Procedure,

Baldwin's challenge to the Indictment is appropriately decided pre-trial.  The Indictment is not

defective, because it contains the essential elements of the offenses charged, sufficiently apprises

Baldwin of what he must be prepared to defend against, and enables Baldwin to plead a judgment

under the Indictment as a bar to any subsequent prosecution for the same offense.  The Court will

not dismiss Count VII, as barred by the statute of limitations in 18 U.S.C. § 3282.  The Court will

deny Baldwin's Motion to Dismiss Count 7.

## FACTUAL BACKGROUND

On November 6, 2007, an Indictment was filed against Baldwin.  See Indictment, filed

November 6, 2007 (Doc. 2)("Redacted Indictment").  Count VII states:

Between on or about June 2001, and continuing to on or about November 2002, in

Chaves County, in the State and District of New Mexico, and elsewhere, the defendant, **CARL DEAN BALDWIN**, knowingly and in reckless disregard of the fact that Aaron Hernandez had come to, entered and remained in the United States in violation of the law, did conceal, harbor and shield from detection, and attempt to conceal, harbor, and shield from detection said alien in a place of business and elsewhere.

In violation of 8 U.S.C. § 1324(a)(1)(A)(iii); 8 U.S.C. § 1324(a)(1)(B)(i); and 18 U.S.C. § 2.

Indictment at 4.

## PROCEDURAL BACKGROUND

On January 30, 2008, Baldwin filed a motion to dismiss Count VII of the Indictment. See Motion at 1. Baldwin notes the "date range charged in the [I]ndictment is '[b]etween on or about June 2001, and continuing to on or about November 2002.'" Id. (quoting Indictment at 4)(emphasis in original). Baldwin contends that the plain language of the Indictment charges that the offense in Count VII, "was allegedly committed between June 2001 and continuing to November 2002." Motion at 2 (emphasis in original). Baldwin argues that, because the Indictment "does not charge that the offense continued through November 2002," the common sense meaning is that it continued only to November 1, 2002. Id. at 3 (emphasis in original). Baldwin asserts that, because "[t]he return date of the [I]ndictment, November 6, 2007, is more than 5 years after the dates charge[d] . . . [the] Court should dismiss [Count VII] with prejudice." Id. at 3.

On February 13, 2008, the United States responded to Baldwin's motion. See Government's Response to Defendant's Motion to Dismiss Count 7 at 1, filed February 13, 2008 (Doc. 22)("Response"). The United States counters that Baldwin's reading of the Indictment is not common sense. See id. at 2. The United States argues that the language "'[c]ontinuing to on or about November 2002' covers the entire month of November 2002." Id. The United States relies upon precedent the United States Court of Appeals of the Fifth Circuit set forth in United States v.

Trigueros, No. 07-60127, 2007 WL 44611205 (5th Cir. December 19, 2007), to contend that the

United States is not required to prove an exact date, and an "on or about" designation suffices "if

a date reasonably near is established." Response at 2 (quoting United States v. Trigueros, 2007 WL

44611205 at *2). The United States notes that the United States Court of Appeals for the Tenth

Circuit has stated that, "'when an indictment uses the terminology "on or about," proof of a date

reasonably near the specified date is sufficient.'" Response at 2 (quoting United States v. Castillo,

140 F.3d 874 (10th Cir. 1998)).

At the February 21, 2008 hearing, Baldwin argued that the Indictment is "facially deficient

in that it uses the language 'continuing to on or about November 2002.'" Transcript of Hearing

("Tr.") at 70:19-21 (Bowles), filed February 21, 2008 (Doc. 28)(Court Only). Baldwin noted that

he had not filed a reply yet. See id. at 70:23 (Bowles). Baldwin argued that United States v. Dunne,

324 F.3d 1158 (10th Cir. 2003), supports his argument that a harboring offense is not a continuing

offense. See Tr. at 71:4-16 (Bowles). Baldwin contended that "at a bare minimum . . . [actions]

through November 6th, '02, which includes June '01 through November 5th, '02 -- all of that is

barred by the statute of limitations." Id. at 71:16-19 (Bowles). Baldwin explained that, because the

Indictment was returned November 6th, anything postdating November 6th would not be barred, but

because the Indictment does specify an exact date in November of 2002, Baldwin "cannot make a

specific or informed statute of limitations motion with respect to the November time frame." Id. at

71:20-72:1 (Bowles). Baldwin argued that the Indictment should be dismissed with prejudice

because: (i) the allegations contained within Count VII, facially, fall outside of the five-year statute

of limitations contained in 18 U.S.C. § 3282(a); and (ii) the language in the Indictment indicating

that the conduct occurred "continuing to on or about" is unclear whether it reaches conduct within

the five-year period. See Tr. at 77:8-78:13 (Bowles).

The United States countered that Count VII in the Indictment is not just for harboring and includes "a conceal and shielding from detection." Id. at 73:11-12 (Martinez). The United States argued it "believes that the evidence will show that there was a continued shielding from detection and a concealment of an individual." Id. at 73:12-14 (Martinez). The United States asserted that the detection and concealment of an individual is "the crux of Count 7, and not the harboring at all." Id. at 73:15-16 (Martinez). The United States argued that the Court retains power to dismiss Count VII under rule 29, upon motion of Baldwin, if the evidence does not support that the violation charged in Count VII continued beyond November 6, 2002. See id. at 73:17-24 (Martinez). The United States noted that it did not plan to seek a Superceding Indictment, and it thought "the language [it is] stuck with is clearly by law incorporating beyond November 1st, 2002, as part of the offense." Id. at 74:15-19 (Martinez). The United States contended that, in the Fifth Circuit, the "on or about" language was interpreted to mean approximately one year. Id. at 74:19-23 (Martinez). The United States argued that the Tenth Circuit has interpreted the "on or about" language to mean "a time reasonable or reasonably near." Id. at 75:6-10 (Court & Martinez). The United States indicated that it did not wish to submit additional briefing or to have another hearing unless the Court wished for it to provide more on the United States v. Dunne case. See id. at 76:21-77:2 (Court & Martinez).

## LAW REGARDING MOTIONS TO DISMISS

Rule 12 of the Federal Rules of Criminal Procedure provides for a pretrial challenge to a defect in an indictment. See Fed. R. Crim. P. 12(b)(3)(B). It provides:

(b) Pretrial Motions.

* * * *

(3) Motions That Must Be Made Before Trial. The following must be raised before

-4-

trial:

\* \* \* \*

(B) a motion alleging a defect in the indictment or information -- but at any time while the case is pending, the court may hear a claim that the indictment or information fails to invoke the court's jurisdiction or to state an offense.

Fed. R. Crim. P. 12(b)(3)(B).  "An indictment should be tested solely on the basis of the allegations made on its face, and such allegations are to be taken as true."  United States v. Hall, 20 F.3d 1084, 1087 (10th Cir. 1994). "'Where a defendant challenges the sufficiency of an indictment for failure to state an offense, a court generally is bound by the factual allegations contained within the four corners of the indictment.'" United States v. China Star, Inc., No. CR-04-1468 JB, Memorandum Opinion and Order at 2, filed March 16, 2005 (Doc. 97)(Browning, J.)(quoting United States v. Welch, 327 F.3d 1081, 1090 (10th Cir. 2003)).  "Generally, the strength or weakness of the government's case, or the sufficiency of the government's evidence to support a charge, may not be challenged by pretrial motion."  United States v. Hall, 20 F.3d at 1087.  Thus, "[c]ourts should refrain from considering evidence outside the indictment when testing its legal sufficiency."  Id.

The Tenth Circuit has upheld a district court's dismissal of charges at the pretrial stage based on evidence beyond the four corners of the indictment.  See United States v. Brown, 925 F.2d 1301, 1304 (10th Cir. 1991); United States v. Wood, 6 F.3d 692, 695 (10th Cir. 1993).  The Tenth Circuit explained these cases in United States v. Hall, stating:

[W]e read Brown and Wood as authority which allows a district court to dismiss charges at the pretrial stage under the limited circumstances where the operative facts are undisputed and the government fails to object to the district court's consideration of those undisputed facts in making the determination regarding a submissible case.  Under this scenario, a pretrial dismissal is essentially a determination that, as a matter of law, the government is incapable of proving its case beyond a reasonable doubt.  We note, however, that such a scenario is not likely to recur and we caution both the trial courts and counsel that the procedure here employed is indeed the rare exception.

United States v. Hall, 20 F.3d at 1088 (emphasis in original).

An indictment is sufficient if it: "[(i)] contains the essential elements of the offense intended to be charged; [(ii)] sufficiently apprises the accused of what he [or she] must be prepared to defendant against, and [(iii)] enables the accused to plead a judgment under the indictment as a bar to any subsequent prosecution for the same offense." United States v. Brown, 925 F.2d at 1304 (internal quotations omitted).   The proper inquiry on a motion to dismiss "is not whether the government has presented sufficient evidence to support the charge, but solely whether the allegations in the indictment, if true, are sufficient to establish a violation of the charged offense." United States v. Todd, 446 F.3d 1062, 1068 (10th Cir. 2006).   "[I]n interpreting an indictment, we are 'governed by practical rather than technical considerations.'" United States v. Staggs, 881 F.2d 1527, 1532 (10th Cir. 1989)(quoting United States v. Phillips, 869 F.2d 1361, 1364 (10th Cir. 1988)).

In United States v. Todd, the Tenth Circuit held that the superseding indictment was proper. See 446 F.3d at 1068.   The indictment in United States v. Todd charged the defendant with "unlawfully and knowingly after having been previously convicted of a crime punishable by imprisonment for a term exceeding one year, possess[ing] one 9mm Beretta handgun, which was in and affected interstate commerce, as this firearm had previously crossed state lines to enter the State of Oklahoma." Id. at 1067 (alteration in original).   The statute the defendant was charged with violating provided that "[i]t shall be unlawful for any person . . . who is a fugitive from justice . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." Id. at 1068 (internal quotations omitted).

The Tenth Circuit held in United States v. Todd that the charges contained in the superceding

indictment "satisfied the requirements of the criminal statute." Id.   The Tenth Circuit explained

that, "[a]ccording to the allegations in the indictment, [the defendant] possessed a firearm, namely

a 9mm Beretta handgun, that had previously traveled in interstate commerce." Id. at 1068.  The

indictment was sufficient, because the allegations informed the defendant of the crime for which he

was being charged and permitted him to know whether he had a double-jeopardy defense. See id.

Thus, the indictment was "legally sufficient." Id.  The Tenth Circuit also explained, that under

limited circumstances, a   district court may dismiss charges at the pretrial stage where "'the

operative facts are undisputed and the government fails to object to the district court's consideration

of those undisputed facts in making the determination regarding a submissible case.'" Id. (quoting

United States v. Hall, 20 F.3d at 1088).  "Dismissals under this exception are not made on account

of a lack of evidence to support the government's case, but because undisputed evidence shows that,

as a matter of law, the Defendant could not have committed the offense for which he was indicted."

United States v. Todd, 446 F.3d at 1068.

### LAW REGARDING STATUTE OF LIMITATIONS

18 U.S.C. § 3282(a) provides that in non-capital offenses: "Except as otherwise expressly

provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless

the indictment is found or the information is instituted within five years next after such offense shall

have been committed." 18 U.S.C. § 3282(a).  See United States v. Qayyum, 451 F.3d 1214, 1217-18

(10th Cir. 2006)(stating that "[t]he prosecution is subject to a five-year statute of limitations.")(citing

18 U.S.C. § 3282(a)); United States v. Jones, 816 F.2d 1483, 1487 (10th Cir. 1987)(explaining that

"18 U.S.C. § 3282 . . . provides that a defendant must be indicted within five years after an offense

is committed.").  "Continuing offense is a term of art that does not depend on everyday notions or

ordinary meaning." United States v. Dunne, 324 F.3d at 1164 (internal quotations omitted).  It is

not a scheme or pattern of illegal conduct.  See id.  It "involves a prolonged course of conduct and

its commission is not complete until the conduct has run its course."   Id. (internal quotations

omitted).  An offense should be considered continuing "only if [(i)] 'the explicit language of the

substantive criminal statute compels such a conclusion,' or ([ii]) 'the nature of the crime involved

is such that Congress must assuredly have intended that it be treated as a continuing one.'"  Id.

(quoting Toussie v. United States, 397 U.S. 112, 115 (1970)).

In United States v. Dunne, the Tenth Circuit  held that nothing in the explicit language of 18

U.S.C. § 1001, making a false statement, indicated that Congress intended it to be a continuing

offense.  See 324 F.3d at 1164.  The Tenth Circuit also held that nothing about the nature of the

crime indicated that Congress intended it to be a continuing offense.  See id.  A crime cannot be

classified as a continuing violation because it may have continuing effects after its commission.  See

id. at 1165.  The Tenth Circuit rejected the argument that "Congress did not intend the statute of

limitations to run before the offense could reasonably have been discovered," because that factor

is not relevant under the Toussie v. United States analysis.  United States v. Dunne, 324 F.3d at

1165.  The Tenth Circuit reasoned that 18 U.S.C. § 1001 "contemplates a single act event though

there may be continuing effects."    United States v. Dunne, 324 F.3d at 1165. Because the

defendant's 18 U.S.C. § 1001 offense was not deemed a continuing offense for statute-of-limitations

purposes, the statute of limitations had expired on the superceding indictment.  See United States

v. Dunne, 324 F.3d at 1166.

## LAW REGARDING THE PHRASE "ON OR ABOUT"

Instruction 1.18 of the Tenth Circuit Criminal Pattern Jury Instructions provides, in relevant

part:

## ON OR ABOUT

You will note that the indictment charges that the crime was committed on or about [date]. The government must prove beyond a reasonable doubt that the defendant committed the crime reasonably near [date].

### Comment

A similar instruction was approved in United States v. Agnew, 931 F.2d 1397, 1401, 1410–11 (10th Cir. 1991). In United States v. Poole, 929 F.2d 1476, 1482 (10th Cir. 1991), the court wrote: ''the 'on or about' instruction . . . has been approved by this Circuit on numerous occasions.''

Tenth Circuit Pattern Jury Instruction No. 1.18 at 33, available at http:// www.ca10.uscourts.gov/ clerk/rulesandforms.php.   The Tenth Circuit has stated that, "'when an indictment uses the terminology "on or about," proof of a date reasonable near to the specified date is sufficient.'" United States v. Chee, 173 F.3d 864 (Table), No. 98-2038, 1999 WL 261017 at * 4 (10th Cir. May 3, 1999)(quoting United States v. Castillo, 140 F.3d 874, 885 (10th Cir. 1998)).

In United States v. Madrid, 222 Fed.Appx. 721 (10th Cir. 2007), the indictment alleged "that the incident occurred . . . on or about October 2001." Id. at 730.  A witness testified he met the defendant "in September 2001, and that the incident . . .  occurred about three weeks later." Id.  The Tenth Circuit held that this was "sufficient to establish that the incident occurred 'reasonably near' the date alleged in the indictment, which is legally sufficient to support the conviction." Id. (citing United States v. Castillo, 140 F.3d 874, 885 (10th Cir. 1998)).

In United States v. Yazzie, 221 F.3d 1354 (Table), No. 99-2354, 2000 WL 973013 (10th Cir. July 14, 2000), the indictment charged the defendant with committing crimes "[o]n or about June and July 1997."  2000 WL 973013 at *1.  At the trial, the victim testified that "he could not remember how many years ago the incidents took place or how old he was at the time, he did recall that it was sometime close to his birthday in July, and repeatedly testified it occurred while [he and

-9-

the defendant] were herding sheep together near the San Juan River in Fruitland, New Mexico."  Id.

(internal citations omitted).  The defendant testified that he herded sheep with the victim near the

San Juan River in Fruitland sometime in May or June of 1997.  See id.  The Tenth Circuit held that

"[t]his evidence together is sufficient to show that the crimes [the victim] testified to occurred

reasonably  near June and July, 1997, the alleged dates set forth in the indictment."  Id.

In United States v. Castillo, 140 F.3d 874 (10th Cir. 1998), the Tenth Circuit held that there

was sufficient correlation between the testimony and the indictment where the indictment charged

the defendant with abusing a victim "on or about June 1994," the victim testified that she was

abused during the summer of 1994, and a physician who examined the victim in 1994 corroborated

the testimony.  The Tenth Circuit stated:  "Although none of the testimony pinpoints the acts of

abuse to the months specified in the indictment, when an indictment uses the terminology 'on or

about,' proof of a date reasonably near to the specified date is sufficient."  Id. at 885.  Thus, "[t]he

testimony . . . established that the abuse occurred reasonably near to June and July of 1994."  Id.

In United States v. Trigueros, the Fifth Circuit explained that "[a]n allegation as to the time of the

offense is not an essential element of the offense charged in the indictment, and, within reasonable

limits, the offense need only occur before the return of the indictment and within the statute of

limitations."  2007 WL 4461205 at *2 (emphasis added).  The indictment in United States v.

Trigueros charged the defendant with knowingly and intentionally possessing and using a counterfeit

resident alien card on April 21, 2006.  See id. at *1.  The United States presented evidence at trial

that the defendant used a counterfeit card to apply for food stamps on January 4, 2006.  See id.  The

only reference in testimony to the April 21, 2006 date was that one of the special agents opened his

investigation on that day.  See id.  The Fifth Circuit rejected the defendant's challenge to the

difference between the date of possession charged in the indictment and the dates proven at trial.

-10-

See id.  The Fifth Circuit explained that, because the defendant was charged with use and possession, possession alone on the date specified in the indictment would have been sufficient, even if the evidence of use indicated a different date.  See id.

## LAW REGARDING CONCEALMENT OF ILLEGAL ALIENS AND AIDING AND ABETTING

8 U.S.C. § 1324(a)(1)(A)(iii) provides:

> Any person who . . . knowing or in reckless disregard of the fact that an alien has come to, entered, or remains in the United States in violation of law, conceals, harbors, or shields from detection, or attempts to conceal, harbor, or shield from detection, such alien in any place, including any building or any means of transportation . . . shall be punished as provided in subparagraph (B).

8 U.S.C. § 1324(a)(1)(A)(iii). 8 U.S.C. § 1324(a)(1)(B)(i) provides that "in the case of a violation of subparagraph (A) . . (iii) . . . in which the offense was done for the purpose of commercial advantage or private financial gain, be fined under Title 18, imprisoned not more than 10 years, or both." 8 U.S.C. § 1324(a)(1)(B)(i).  Whether the harboring, concealing, or shielding of an alien is "committed . . . for commercial advantage or private financial gain . . . [is] a possible factor in sentencing." United States v. Jose-Gonzalez, 291 F.3d 697, 699 (10th Cir. 2002). See United States v. Hernandez, 327 F.3d 1110, 1100 (10th Cir. 2003).

18 U.S.C. § 2 provides: "(a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal[;] (b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal." 18 U.S.C. § 2 is the aiding and abetting statute.  See United States v. Dunne, 324 F.3d 1158, 1162 (10th Cir. 2003).  It "does not create an independent or separate crime, but rather simply abolishes the common-law distinction between principal and accessory." Id. (internal quotations omitted).

### ANALYSIS

The Court will decide Baldwin's challenge at this stage of the proceedings rather than requiring Baldwin to wait until after trial.  The Indictment is not defective, because it contains the essential elements of the offenses charged, sufficiently apprises Baldwin of what he must be prepared to defendant against, and enables Baldwin to plead a judgment under the Indictment as a bar to any subsequent prosecution for the same offense.  Moreover, the Court will not dismiss Count VII as barred by the statute of limitations in 18 U.S.C. § 3282, because under the language of the Indictment, the United States charged Baldwin with conduct from June of 2002 to on or about November 1, 2002, and the Court believes that November 6 is reasonably near "on or about" November.  The Court will thus deny Baldwin's Motion to Dismiss Count 7.

### I.      THE COURT WILL DECIDE BALDWIN'S MOTION AT THIS STAGE OF THE PROCEEDINGS.

The United States argued, at the February 21, 2008 hearing, that the Court retains power to dismiss Count VII under rule 29, upon motion of Baldwin, if the evidence does not support that the violation charged in Count VII continued beyond November 6, 2002.  See id. at 73:17-24 (Martinez).  Rule 12 of the Federal Rules of Criminal Procedure provides that  "a motion alleging a defect in the indictment or information" must be made pretrial, although "at any time while the case is pending, the court may hear a claim that the indictment or information fails to invoke the court's jurisdiction or to state an offense." Fed. R. Crim. P. 12(b)(3)(B).  Thus, the Court believes it is appropriate to decide Baldwin's challenge to the Indictment at this stage of the proceedings, rather than forcing Baldwin to wait until after his trial to challenge his Indictment.

### II.     THE INDICTMENT IS NOT FACIALLY DEFICIENT.

 "An indictment should be tested solely on the basis of the allegations made on its face, and

such allegations are to be taken as true." United States v. Hall, 20 F.3d at 1087.  An indictment is

sufficient if it: "[(i)] contains the essential elements of the offense intended to be charged; [(ii)]

sufficiently apprises the accused of what he [or she] must be prepared to defendant against, and

[(iii)] enables the accused to plead a judgment  under the indictment as a bar to any subsequent

prosecution for the same offense."  United States v. Brown, 925 F.2d at 1304 (internal quotations

omitted).

> Count VII charges Baldwin as follows:
>
> Between on or about June 2001, and continuing to on or about November 2002, in
> Chaves County, in the State and District of New Mexico, and elsewhere, the
> defendant, CARL DEAN BALDWIN, knowingly and in reckless disregard of the
> fact that Aaron Hernandez had come to, entered and remained in the United States
> in violation of the law, did conceal, harbor and shield from detection, and attempt to
> conceal, harbor, and shield from detection said alien in a place of business and
> elsewhere.
>
> In violation of 8 U.S.C. § 1324(a)(1)(A)(iii); 8 U.S.C. § 1324(a)(1)(B)(i); and 18
> U.S.C. § 2.

Indictment at 4.    The Indictment contains the essential elements of the offenses prohibited by

U.S.C. §§ 1324(a)(1)(A)(iii), 1324(a)(1)(B)(i), and 18 U.S.C. § 2, because it closely tracks the

statutory language of the statutes the United States contends that Baldwin violated.  See United

States v. Rankin, CR04-1497 JB, Memorandum Opinion and Order at 4, filed May 12, 2005 (Doc.

56)(stating that, "[c]ontrary to the Defendants' assertions, the Indictment is sufficient to apprise

them of the essential elements of the crimes charged, and to inform them of the charges against

which they must prepare a defense.  The Indictment tracks the statutory language charged, cites to

the . . .  provisions which they are alleged to have violated, and includes the date, country, and type

of animal at issue.").  The Indictment also sufficiently apprises Baldwin of what he must be prepared

to defend against and enables Baldwin to plead a judgment under the Indictment as a bar to any

subsequent prosecution for the same offense.  See United States v. Brown, 925 F.2d at 1304.  Thus, the Indictment is not facially defective.  While the Indictment states all the elements of the crimes charged and is not otherwise facially invalid, it still may reach conduct barred by the general statute of limitations in 18 U.S.C. § 3282(a).

**III.    THE STATUTE OF LIMITATIONS IN 18 U.S.C. § 3282(a) DOES NOT BAR COUNT VII OF THE INDICTMENT.**

The crux of Baldwin's argument is that the language "continuing on to or about November 2002" means continuing to on or about November 1, 2002, or not through the month of November of 2002, and at least not through November 6, 2002.  Baldwin argues that, because the Indictment "does not charge that the offense continued through November 2002," the common-sense meaning is that it continued only to November 1, 2002.  Motion at 3 (emphasis in original).  In response, the United States contends that it is not required to prove an exact date, and that an "on or about" designation suffices "if a date reasonable near is established."  Response at 2 (quoting United States v. Trigueros, 2007 WL 44611205 at *2).  The United States argues that the language "[c]ontinuing on to on or about November 2002 covers the entire month of November 2002."  Response at 2 (internal quotations omitted).

"[I]n interpreting an indictment, we are 'governed by practical rather than technical considerations.'"  United States v. Staggs, 881 F.2d 1527, 1532 (10th Cir. 1989)(quoting United States v. Phillips, 869 F.2d 1361, 1364 (10th Cir. 1988)).  Although the United States focuses on the phrase "on or about" in the Indictment, the Court believes it must also interpret the phrase "continuing to."  Indictment at 4.  The word "to," as a preposition, means "[u]p till" or "until," as in "worked from nine to five."  American Heritage Dictionary 1882 (Houghton Mifflin Co. 1992).  In comparison, the word "through," as a preposition, means "[f]rom the beginning to the end of,"

-14-

as in "stayed up through the night."  Id. at 1870.  It can also mean "[u]p to and including," as in "a

play that runs through December."  Id.

Under the practical meaning of the word "to" in the Indictment, the United States charged

Baldwin with concealing, harboring and shielding from detection, and attempting to conceal, harbor,

and shield from detection an alien "[b]etween on or about June 2001, and continuing [up till or until]

on or about November 2002."  Indictment at 4.  The practical reading of the Indictment's language,

thus, would charge Baldwin with the offense between June 2001 and up until "on or about" the

month of November, 2002.  The issue is whether November 6 is "on or about November."  The

Court believes that, as a practical matter, it is.  The Court need not, however, determine that the

Indictment covers the entire month of November of 2002.

The proper inquiry on a motion to dismiss "is not whether the government has presented

sufficient evidence to support the charge, but solely whether the allegations in the indictment, if true,

are sufficient to establish a violation of the charged offense."  United States v. Todd, 446 F.3d at

1068.  On the other hand, there is guidance from the Tenth Circuit that the language "on or about"

is to be interpreted as a date reasonably near the date charged in the indictment.  See Tenth Circuit

Pattern Jury Instruction No. 1.18 at 33, available at http://www.ca10.uscourts.gov/clerk/rulesand

forms.php.  The Tenth Circuit has explained that "when an indictment uses the terminology on or

about, proof a date reasonably near to the specified date is sufficient."  United States v. Chee, 1999

WL 261017 at *4.  The Court believes that the Indictment can be fairly read to include conduct

through the date of November 6, 2002.  Thus, the language "continuing to on or about November,

2002" reasonably includes conduct through November 6, 2002, and thus Count VII was timely

brought.   See 18 U.S.C. § 3282(a) (providing that, in non-capital offenses, "no person shall be

prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the

-15-

information is instituted within five years next after such offense shall have been committed.").

In its determination whether an indictment is sufficient, "[w]here a defendant challenges the sufficiency of an indictment for failure to state an offense, a court generally is bound by the factual allegations contained within the four corners of the indictment." United States v. China Star, Inc., No. CR-04-1468 JB, Memorandum Opinion and Order at 2, filed March 16, 2005 (Doc. 97)(Browning, J.)(internal quotations omitted).  The Court reads the phrase "continuing to on or about November, 2002"  to reasonably include conduct through November 6, 2002.

The Court finds guidance in the cases in which the Tenth Circuit has interpreted the phrase "on or about" to mean a time reasonably near that charged in the indictment.  See United States v. Madrid, 222 Fed.Appx. at 730 (holding that there was sufficient evidence to establish that the incident occurred reasonably near the date alleged in the indictment, where the indictment alleged that the incident occurred "on or about October 2001" and a witness testified he met the Defendant in September 2001, and that the incident  occurred about three weeks later); United States v. Yazzie, 2000 WL 973013 at *1 (holding that the testimony of the defendant and of the alleged victim was sufficient to establish the  dates charged in the indictment of on or about June and July 1997, where the victim testified that "he could not remember how many years ago the incidents took place or how old he was at the time, he did recall that it was sometime close to his birthday in July, and repeatedly testified it occurred while [he and the defendant] were herding sheep together near the San Juan River in Fruitland, New Mexico" and the defendant testified that he herded sheep with the victim near the San Juan River in Fruitland sometime in May or June of 1997.).  It is not unreasonable to interpret the language in the Indictment "continuing to on or about November, 2002" to include conduct up to November 6, 2002.  A period of six days from the date of November 1, 2002 is not an unreasonable period of time.

The United States relies upon United States v. Trigueros, 2007 WL 4461205 at * 2, and United States v. Castillo, 140 F.3d at 885, to argue that the language "on or about" in the Indictment means a date reasonably near the specified date in the Indictment. See Response at 2. Although both United States v. Trigueros and United States v. Castillo concern post-trial challenges to the correlation between the testimony at trial and the indictment, the Court believes they are useful in determining what the phrase "on or about" means. In United States v. Trigueros, the defendant contended that the district court erred by "allow[ing] a material variance to the indictment regarding the date and location of the offense, and that the variance prejudiced his defense." 2007 WL 4461205 at * 1. The indictment alleged that the crime occurred on April 21, 2006, and the evidence at trial showed that the crime occurred on January 4, 2006 and May 9, 2006. See id. at *1. "The only reference in testimony to the April date charged in the indictment is that one of the special agents opened his investigation that day." Id. The Fifth Circuit found there was no material variance, because the United States established a date "reasonably near" that in the indictment. See id. at *2. Moreover, in United States v. Trigueros, the Fifth Circuit explained that "[a]n allegation as to the time of the offense is not an essential element of the offense charged in the indictment, and, within reasonable limits, the offense need only occur before the return of the indictment and within the statute of limitations." 2007 WL 4461205 at *2 (emphasis added). In United States v. Castillo, "[a]lthough none of the testimony pinpoint[ed] the acts of abuse to the months specified in the indictment," there was "proof of a date reasonably near to the specified date" in the indictment. 140 F.3d at 885. Like the dates established in United States v. Trigueros and United States v. Castillo, a date of November 6, 2002 is reasonably near "on or about November, 2002."

The Court is limited to the "four corners of the indictment," and the United States must demonstrate that the Indictment, as charged, is sufficient. United States v. China Star, Inc., No. CR-

-17-

04-1468 JB, Memorandum Opinion and Order at 2, filed March 16, 2005 (Doc. 97)(Browning, J.)(internal quotations omitted). The Court cannot, therefore, rely upon the United States' argument at the February 21, 2008 hearing that the United States "believes that the evidence will show that there was a continued shielding from detection and a concealment of an individual." Id. at 73:12-14 (Martinez).  The Court need not, however, rely upon what the United States may prove at trial to determine that the phrase "on or about November, 2002" reasonably includes November 6, 2002. See United States v. Madrid, 222 Fed.Appx. at 730 (finding that a period of approximately three weeks was reasonable where the indictment charged conduct occurring on or about October 2001 and the testimony established conduct about three weeks after September 2001).

      **IT IS ORDERED** that the Defendant's Motion to Dismiss is denied.

            _____
            UNITED STATES DISTRICT JUDGE

*Counsel:*

Gregory J. Fouratt
  United States Attorney
Albuquerque, New Mexico
Terri J. Abernathy
Luis A. Martinez
  Assistant United States Attorneys
Stephen H. Wong
  Special Assistant United States Attorney
Las Cruces, New Mexico

     *Attorneys for the Plaintiff*

Robert Jason Bowles
B.J. Crow
Bowles & Crow
Albuquerque, New Mexico

-- and --

Robert J. Gorence
Gorence & Oliveros, P.C.
Albuquerque, New Mexico

     *Attorneys for the Defendant*